IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| VICTOR B. BISHOP, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 2:22-cv-02871-DCN ) ) **ORDER** |
| DONNA HALPIN, | ) ) |
| Defendant. | ) ) |

This matter is before the court on plaintiff Victor B. Bishop's ("Bishop") motion to remand, ECF No. 5. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

This case arises out of a motor vehicle collision that occurred on September 12, 2020. Bishop was traveling east on Highway 63 in Walterboro, South Carolina, while defendant Donna Halpin ("Halpin") was traveling west on Highway 63 at the same time. The complaint alleges that Halpin attempted to make an improper left-hand turn and struck Bishop's vehicle, resulting in injuries to Bishop's neck, back, arm, and hand.

On June 2, 2022, Bishop filed a complaint in the Colleton County Court of Common Pleas, alleging a claim of negligence against Halpin. ECF No. 1-3, Compl. Halpin removed the case to this court on August 29, 2022. ECF No. 1. On September 8, 2022, Bishop filed a motion to remand. ECF No. 5. Halpin responded to the motion on September 22, 2022, ECF No. 6, and Bishop replied on September 26, 2022, ECF No. 7. As such, the motion has been fully briefed and is now ripe for review.

1

## II. STANDARD

Federal courts are of constitutionally limited jurisdiction. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper," In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction, Baxley v. Advance Auto Parts, Inc., 2011 WL 586072 at *1 (D.S.C. Feb. 9, 2011) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). Because removal raises significant federalism concerns, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises under federal law, see 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizen of different states, see 28 U.S.C. § 1332.

## III. DISCUSSION

Halpin removed this case on the basis of diversity jurisdiction. See ECF No. 1 at 1 (citing 28 U.S.C. § 1332(a)(1)). For a federal court to have jurisdiction based on diversity of citizenship, all plaintiffs and defendants must be citizens of different states. 28 U.S.C. § 1332. For the purposes of jurisdiction, a person is a citizen of the state in which she is domiciled. Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 195 (4th Cir.

2

2017). It is undisputed that the parties here are citizens of different states. Bishop is a citizen and resident of South Carolina, Compl. ¶ 1, and Halpin is a citizen and resident of Florida, ECF No. 1 ¶ 5. However, Bishop argues that the case should be remanded because the amount in controversy does not exceed $75,000 and as such, the court does not have jurisdiction.

Courts determine the amount in controversy by examining the complaint at the time of commencement of the state court action and at the time of removal. JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010); Brown v. VSC Fire & Sec., Inc., 2016 WL 1600126, at *2 (D.S.C. Apr. 20, 2016). Here, Bishop's complaint explicitly states that "his actual and punitive damages [are] not to exceed seventy-five thousand dollars ($75,000)." Compl. ¶ 6. His prayer for relief further prays for judgment "in the amount of seventy-five thousand dollars ($75,000)." Id. at prayer for relief.

Even with these plain statements in the complaint regarding the damages being sought, Halpin removed this action. Halpin justified the removal by explaining that counsel for Bishop separately refused to stipulate a cap to Bishop's claimed damages. Specifically, Halpin claims that after noticing the limitation on damages in the complaint, counsel for Halpin sent counsel for Bishop a proposed Irrevocable Stipulation of Damages (the "Stipulation") that would have capped the damages at $74,999. ECF No. 1-1. Counsel for Bishop responded that he did "not agree" with filing the Stipulation. ECF No. 1-2. Halpin claimed in the notice of removal that Bishop's response constituted "other paper" that led Bishop to ascertain that the case had become removable at that point. ECF No. 1 ¶ 4 (citing 28 U.S.C. § 1446(b)(3)).

Despite Halpin's assertions, the caselaw firmly establishes that jurisdiction is improper. As a preliminary matter, the complaint contains an ad damnum clause. As this court has explained before, federal courts look to applicable state law to determine whether an ad damnum clause is binding for purposes of determining the amount in controversy. Chaplin v. Wal-Mart Stores, Inc., 2008 WL 11463707, at *2 (D.S.C. Apr. 21, 2008). South Carolina law recognizes the validity of ad damnum clauses and makes them binding on parties. Id. (citing S.C. R. Civ. P. 8(a) and Matthews v. State Farm, No. 2:06-cv-03637-DCN, slip op. at 5–6 (D.S.C. May 4, 2007) (ECF No. 36)). Although the Fourth Circuit has not directly weighed in, courts in this district

> lean toward the belief that when presented with . . . a case where the complaint specifically limits recoverable damages to below the jurisdictional minimum, the appropriate procedure would be to conclude that the action was removed improvidently and the court is without jurisdiction since, on the basis of the plaintiff's claims as originally pleaded, the requisite jurisdictional amount was lacking.

Ogden v. Medtronic Sofamor Danek, USA, Inc., 2006 WL 2171140, at *3 (D.S.C. July 31, 2006). Since paragraph six of the complaint should be construed as a valid ad damnum clause, Bishop cannot recover an amount in excess of $75,000 as of the time of removal, and remand is required.

In response, Halpin acknowledges that Chaplin and Ogden are "certainly instructive" but argues that the cases are nevertheless distinguishable. ECF No. 6 at 2. Halpin contends that unlike the defendants in Chaplin and Ogden, Bishop is not claiming that the right of removal existed at the time the summons and complaint were filed. Rather, Halpin argues that Bishop's written refusal to enter into the Stipulation constitutes "other paper" that established that the case became removable after the complaint was filed. Halpin's argument is flawed, however, as she cites no authority that

4

suggests a plaintiff's refusal to agree to a stipulation overrides the legally-binding effect of an ad damnum clause. Rather, the relevant authority on the matter suggests that an ad damnum clause "shall limit [a plaintiff's] claim for all purposes." Chaplin, 2008 WL 11463707, at *2 (quoting S.C. R. Civ. P. 8(a)) (emphasis added).

Even if the court were to find that an ad damnum clause could be overridden by anything other than an amendment—and again, there is no discernable law supporting that proposition—Halpin would still have to "resolve all doubts about the propriety of removal" that are created by the ad damnum clause. Marshall, 6 F.3d at 232; see also Chaplin, 2008 WL 11463707, at *2 (explaining that the defendant must also "make some affirmative showing that the amount in controversy actually exceeds $75,000"). However, Halpin has no other basis for suggesting that the amount in controversy is met, defeating her removal argument. "The Fourth Circuit has not adopted a rule regarding the burden of proof on the removing party for establishing the amount-in-controversy." Carter v. Bridgestone Ams., Inc., 2013 WL 3946233, at *1–2 (D.S.C. July 31, 2013) (citing Rota v. Consolidation Coal Co., 175 F.3d 1016 (4th Cir. Apr. 5, 1999) (unpublished table opinion) (declining to adopt any particular standard of proof for determining the amount in controversy)). However, "courts within the District of South Carolina have leaned towards requiring defendants in this position to show either to a 'legal certainty' or at least within a 'reasonable probability' that the amount-in-controversy has been satisfied." Id. (quoting Brooks v. GAF Materials Corp., 532 F. Supp. 2d 779, 781–82 (D.S.C. 2008)).

Halpin argues that Bishop's written refusal to sign the Stipulation is itself evidence that the amount in controversy has been met. But courts in this district have

5

expressly rejected the notion that a plaintiff's refusal to stipulate to maximum damages may establish that the claim exceeds the jurisdictional threshold. See Martinez v. Sarratt, 2020 WL 1892357, at *4 (D.S.C. Apr. 16, 2020). In Martinez, Judge Lewis adopted Judge Floyd's reasoning from another pertinent case in which the latter had explained: "A plaintiff's refusal to stipulate to maximum damages does not establish that the claim exceeds $75,000. At best, it provides a tenuous and hypothetical inference." Id. (quoting Bell v. Qwest Comms. Int'l, Inc., 2011 WL 2601566, at *5 (D.S.C. 2011)). Judge Lewis then went on to explain that "to hold removal is proper when a plaintiff refuses to stipulate to a cap on damages would be in disagreement with the long established presumption that remand is proper when removal is questionable." Id. The court adopts the reasoning of both judges. Bishop's written refusal to enter into the Stipulation, standing alone, does not create a legal certainty or even a reasonable probability that the amount in controversy has been satisfied. Thus, removal was improper.

## IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to remand.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**November 29, 2022**
**Charleston, South Carolina**

6